THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LUCEY, Appellant, v. FRANCIS J. MOLLOY and Others, as the Board of Estimate and Apportionment of the City of Troy, Respondents.

*Legislature — it may direct a municipality to refund to owners assessed the amount paid by them — such an act is not an exercise of judicial power — mandamus.*

A Legislature, having plenary power with respect to taxation, except as limited by the Constitution, may revise and correct its enactments so as to accomplish, in the final result, the same justice which it may be presumed it would have provided for in the first instance if it could have foreseen the actual results to follow upon its first enactments; and where an assessment for a public improve-

ment has been imposed upon the owners of abutting property, it may, after the assessment has been levied and paid, direct that the municipality refund to the owners assessed the amount so paid on such assessment.

The fact that, in the act directing the repayment, the amount specified is not as great as the assessment, does not invalidate it.   Such an act is not an exercise of judicial power, where the assessment is not vacated, but the burden of payment thereof is simply transferred from the lot owners to the municipality.

Where the municipality refuses to include in the amount to be raised by taxation upon the city at large the sum so directed to be refunded by the city to the lot owners, the proper remedy of the latter is by mandamus.

APPEAL by the relator, James Lucey, from an order of the Supreme Court, made at the Greene Special Term and entered in the office of the clerk of the county of Rensselaer on the 16th day of May, 1898, denying the relator's motion for a writ of mandamus directed to the respondents, commanding them to reconvene as the board of estimate and apportionment of the city of Troy, and to make out an estimate and apportionment of the amount of money to be raised by taxes in the city of Troy, and embracing and including therein a certain additional assessment of $6,384.02, made upon the property and the owners thereof for the paving of River street in said city, and to cause the same to be transmitted to the common council, to the end that the same might be assessed and charged upon and paid by the city of Troy at large and refunded to the owners of property assessed, including the relator, in order that chapter 324 of the Laws of 1897 might be carried into effect.

Such act is as follows :

" AN ACT for the refunding of erroneous assessments in the city of Troy.

" Passed without the acceptance of the city.

"Became a law April 23, 1897, with the approval of the Governor.   Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows :*

" SECTION 1. The additional assessment of six thousand three hundred and eighty-four dollars and two cents, made upon the land and the owners thereof for the paving of River street from Hoosick street to the north boundary line of the city of Troy, as ordered by the common council of said city, September nineteenth, eighteen

hundred and eighty-nine, shall be assessed and charged upon and paid by the city of Troy at large. And any owner of property so assessed who has paid said assessment, or any part thereof, or his assigns or personal representatives, shall be refunded the amount so paid without interest.

" § 2. This act shall take effect immediately."

In 1889 the common council of the city of Troy caused River street from Hoosick street to the north bounds of the city to be paved. The cost thereof was apportioned between the city at large, the abutting lot owners, and the Troy and Lansingburgh Railroad Company, whose tracks lay upon the street. The amount assessed upon the railroad company was $25,764.73. Upon certiorari to review the latter assessment, it was vacated by the late General Term. (*People ex rel. Troy & L. R. R. Co.* v. *Coffey*, 66 Hun, 160.) Before the time to appeal from the judgment of the General Term expired, the city and the railroad company agreed to compromise the matter upon payment by the railroad company of one-half of the assessment against it. This the railroad company paid. The city thereupon assessed about one-half of the amount left unpaid by the railroad company, namely, $6,896.43, upon the abutting lot owners from Hoosick street to the north bounds of the city. The relator, one of such owners, paid his extra assessment upon his lot.

Vanderheyden street intersects River street next north of Hoosick street. It so happens that $6,384.02, the amount mentioned in the above act of 1897, is the amount of the extra assessment upon the abutting lot owners between Vanderheyden street and the north bounds of the city, and is, therefore, $512.41 less than enough to pay the entire extra assessment from Hoosick street to the north bounds of the city.

After the passage of the act of 1897 the relator applied to the board of apportionment and assessment to include this sum of $6,384.02 in their estimate of money to be raised by the city at large, to the end that it might be levied upon and collected and applied as the act of 1897 provides. The board refused. The charter of the city (Laws of 1892, chap. 670, tit. 2, § 39, as amended by chap. 575, Laws of 1893), prescribes that said board must, on or before the first day of February in each year, make an estimate of the several sums they deem necessary to be raised by tax for the various pur-

poses contemplated by law, specifying them, and transmit the same to the common council before the first of the following March. This is a requisite step in the procedure prescribed by the charter toward levying the taxes authorized by law.

*Howard & Peck*, for the appellant.

*William J. Roche*, for the respondents.

LANDON, J. :

If the act of 1897 is a valid one, we think it was the duty of the board of estimate and apportionment to include the sum of $6,384.02 in its estimate of the several sums necessary to be raised by taxation upon the city at large, and transmit the same to the common council. To refuse to do this was to refuse obedience to the statute. The Legislature intended that all the steps necessary to the execution of the statute should be taken. Mandamus is the proper remedy. (*People ex rel. Witherbee* v. *Supervisors*, 70 N. Y. 228.)

The respondents object that the statute is defective and not capable of enforcement. This objection rests upon the fact that the sum which the act directs to " be assessed and charged upon and paid by the city of Troy at large," is too small by $512.41 to pay in full all of the extra assessment upon the abutting lot owners between Hoosick street and the north boundary of the city, and only enough to pay such owners between Vanderheyden street and such north boundary.

No doubt it was the intention of the Legislature to charge upon the city at large the whole amount of the extra assessment from Hoosick street to the north boundary of the city — the act apparently says so — and by inadvertence the sum of $6,384.02, instead of $6,896.43, was inserted in it. The deficiency is 7.43 per centum of the full amount necessary. .

If I owe A. and B. each $100, and hand C. $190, with directions to pay them both in full, the direction is necessarily limited by the means, and C. would be justified in paying each $95.

The act can be carried into effect in like manner, that is, by paying to the parties entitled their ratable proportion of the amount provided for the purpose. This ratable method of payment is not, however, before us for adjudication. We suggest this method, if no

better be found, in order to show that the act is not so defective or ambiguous as to be self-defeating. The Legislature could in the first instance have provided for charging this part of the expense of the improvement upon the city at large, and, therefore, could do it afterwards, no rights to the contrary meantime becoming vested. To say that, after the extra assessment is laid and paid, the city has a vested right to the money of which the Legislature cannot deprive it, is mistakenly to assume that the city is to be deprived of it. The city is to be deprived of nothing; it is simply to collect enough from the taxpayers of the city at large to reimburse the taxpayers of a part of the city for a payment or to relieve them from an assessment which, in the legislative judgment, exercised in the light of the hardship actually existing, which was not originally foreseen, should have been borne in the first instance by the city at large. It cannot be said with respect to the power of taxation, which is plenary except as limited by the Constitution, that the Legislature cannot by further legislation revise and correct its enactments so as to accomplish in the final result the same justice which, it may be presumed, it would have provided for in the first instance if it could have foreseen the actual results to follow upon its first enactments. (*Genet* v. *City of Brooklyn*, 99 N. Y. 301; *State of N. Y.* v. *County of Kings*, 125 id. 320; *People* v. *Supervisors*, 67 id. 115; *People ex rel. Otsego County Bank* v. *Supervisors*, 51 id. 409.)

It is further objected that the act is void because an exercise of judicial instead of legislative power, in that it in effect vacates the extra assessments which, from the manner in which they are imposed, are judgments or have the force of judgments.

It may be conceded that the Legislature cannot exercise judicial power. It has not attempted to do so in this enactment. The assessments are not vacated. They are to be paid by the city at large, at least to the extent of the appropriation, except such as have been paid by the lot owners, and as to these the city is to refund the ratable amount of the respective payments.

The act is entitled, " An act for the refunding of erroneous assessments in the city of Troy." There is nothing in the body of the act declaring the assessments erroneous. The title of this act neither adds to nor detracts from the enabling and mandatory provisions of the act itself. The word " erroneous " is not used in the title in the

sense that there was any error in law in laying the additional assessment, but that it was erroneous in the sense that it was inequitable that these property holders on River street, north of Hoosick street, should be compelled to pay not only the assessment first levied, but also to pay one-half of that part of the first assessment from which the Troy and Lansingburgh Railroad Company escaped. In this sense the Legislature has attempted no judicial function; it has simply employed an expression which seemed to it to embrace the subject of the act, which the Constitution requires to be expressed in the title.

We have examined the other objections urged by the learned corporation counsel, and do not think they justify or excuse the board of estimate and apportionment in refusing to include in their estimate and apportionment the $6,384.02, which the act declares "shall be assessed and charged upon and paid by the city of Troy at large."

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for a peremptory mandamus granted, with ten dollars costs.