THE PEOPLE OF THE STATE OF NEW YORK ex rel. CAROLINE H. FIELD, Appellant, *v.* JOHN F. GILCHRIST et al., Constituting the State Tax Commission, Respondents.

Tax — income tax — deductions — real estate tax paid by trustee out of non-taxable income of trust estate may be deducted by sole beneficiary in individual return of income arising from her separate property.

1. The term "net income of the estate or trust," referred to in subdivision 4 of section 365 of the Tax Law and required thereby to be added to the other net income of the beneficiary and paid in one tax, deals with the computation and with the total as though it were one matter, one entity, merged in the individual. Real estate taxes, therefore, paid on trust property out of the beneficiary's funds should be deducted by the beneficiary in making her individual return as in any other case where it is a deduction in reality from the income of the beneficiary.

2. Where the trustee of a resident trust, of which the sole beneficiary is a non-resident, paid taxes on unproductive real estate belonging to the trust estate out of other trust income which was non-taxable as against the non-resident beneficiary, the latter, in

making .up her State income tax return for income arising from other property in this State owned by her individually, may deduct the real estate tax paid by the trustee from her return of net income. A claim that the trust estate and the individual estate of the relator must be kept separate and distinct as if they did not pertain or belong to the same person cannot be sustained.

*People ex rel. Field* v. *Gilchrist*, 211 App. Div. 830, modified.

(Argued May 4, 1925; decided June 2, 1925.)

APPEAL, by permission, from an order of the Appellate Division ·of the Supreme Court in the third judicial department, entered March 3, 1925, which unanimously confirmed, on certiorari, a determination of the State Tax Commission disallowing deductions taken by relator on her income tax returns for the years 1919 and 1920.

*D. A. Embury* for appellant. The deduction claimed is specifically authorized by article 16 of the Tax Law (Cons. Laws, ch. 60, §§ 357, 359, 360). The interpretation herein contended for does not constitute a double deduction of the real estate taxes. (*Baltzell* v. *Mitchell*, U. S. Cir. Ct. App., Jan. 14, 1925.)

*Albert Ottinger, Attorney-General* (*Henry S. Manley* of counsel), for respondents. A trust for distribution is a separate entity in contemplation of the Tax Law, not less than is a trust for accumulation. (Cons. Laws, ch. 60, § 365.) The Tax Law does not conceive of "minus income" passing from one person to another. (*Appeal of Ames*, 1 B. T. A. 63.)

CRANE, J. The relator, Caroline H. Field, is a nonresident of the State of New York and is the sole beneficiary of a resident trust created under the will of her father, Richard Arnold.

The corpus of the trust consists of various interest-bearing securities and certain unimproved New York real estate. In addition to her interest in the trust, the relator also owns certain New York real estate from which an income is derived by way of rents. All of the

relator's American affairs are handled by Harris D. Colt, her attorney in fact, and one of the trustees of the said trust. All her income, both trust and individual, is collected by said Colt; expenses in connection therewith are paid by him, and the fiduciary report of income and the relator's individual tax return are made and filed, and the taxes thereunder paid by him.

During the year 1919 the trustee collected, as gross rents from the trust real estate in New York, the sum of $100, and paid taxes on said real estate amounting to $7,934.97 and miscellaneous expenses of $10.73, aggregating $7,945.70. The deductible expenses in connection with the trust real estate, therefore, exceeded the income from such real estate by $7,845.70, which amount was paid by the trustee out of the other income of the trust belonging to the relator as beneficiary, to wit, out of $18,848.46, interest on bank deposits and securities which are non-taxable as against the non-resident beneficiary.

For the year 1919 the relator also received from the New York real estate, owned by her individually, net rents in the amount of $44,068.18, and made charitable gifts to New York corporations in the sum of $200. On or about March 15, 1920, the relator by her attorney in fact, made and filed her New York State income tax return for the year 1919, disclosing income as follows:

| | | |
|---|---|---|
| Rents on New York real estate........ | $44,068 | 18 |
| (red)  Income from fiduciaries (meaning minus | | |
| income)......................... | 7,845 | 70 |
| | | |
| Total........................ | $36,222 | 48 |
| Less contributions.................. | 200 | 00 |
| | | |
| Net taxable income................. | $36,022·48 | |

In January of 1922, upon the audit of relator's return, the $7,845.70 expenses, paid by the trustee in connection

## 304    PEOPLE EX REL. FIELD v. GILCHRIST.

with the New York real estate in excess of the income from such real estate, was disallowed as a deduction from relator's income and her income tax was increased accordingly. The relator paid the tax under protest and applied for a rehearing under section 374 of the Tax Law, submitting evidence in support of her contentions. The hearings were had upon the above agreed statement of facts.

The same returns were made and results reached for the year 1920.

These proceedings were instituted pursuant to section 375 of the State Tax Law to review by certiorari this determination of the State Tax Commission.

The sole question presented, therefore, is whether the real estate tax paid by the trustee can be deducted by the beneficiary in making her return of net income.

The net income upon which the State tax is fixed means the gross income of the taxpayer less the deductions allowed by the statute (Sec. 357). The gross income includes interest on securities and rent from real estate, also income derived through trusts by the beneficiaries thereof (Sec. 359). Taxes imposed upon real estate are allowed as a deduction from the gross income in determining the net income (Sec. 360). The gross income of the relator did not include the $18,848.46 interest on bank deposits and securities, she being a non-resident (Subd. 3, sec. 359).

Reading this law then as applicable to the relator and the figures in her return, we start off by eliminating this $18,848.46 as no part of the gross income. Her gross income consists of $44,068.18. The net income is this gross income less the deductions allowed by law. Taxes upon real estate, to wit, $7,845.70, constitute a reduction allowed by law. This seems to be quite simple if it were not for the claim made by the respondent that the trust estate and the individual estate of the relator must be kept separate and distinct as if they did not pertain

or belong to the same person. The fact is that they do belong to the same person, and if we make this distinction it is an artificial one, solely for taxing purposes, and must find explicit provision in the Tax Law.

Estates in trust are dealt with in section 365 of the Tax Law whereby the incomes received by the estate of deceased persons during the period of settlement of the estate, those accumulated in trust for the benefit of unknown persons, and incomes held for future distribution under the terms of the will are taxable, the tax to be paid by the fiduciary. Income, however, which is to be distributed to the beneficiary periodically is to be taxed against and paid by the beneficiary. The language of subdivision 4 of this section relating to the income from such a trust reads as follows: " * * * In all other cases under paragraphs d and e of subdivision one of this section, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share whether distributed or not, of the net income of the estate or trust for the taxable year." (L. 1922, ch. 426)

We think that net income of the trust, here referred to, which shall be added to the other net income of the beneficiary and paid by the beneficiary in one tax, deals with the computation and with the total as though it were one matter, one entity, merged in the individual and that real estate taxes paid out of the beneficiary's funds should be deducted as in any other case. We find no reason for not allowing this deduction when it is a deduction in reality from the income of the beneficiary. She actually received $7,845.70 less than she was entitled to have by reason of the payment of the taxes on the real estate held in trust for her. Taxes are properly allowed as a deduction. If the fiduciary had received $7,845.70 as income from the real estate and had paid taxes in that amount the beneficiary would not have been obliged

to pay a tax on the income because it would not be net income. She could deduct the amount of the real estate tax and her net income would amount to nothing. Why does the deduction stop here, when as a fact the tax was paid out of other moneys which rightfully belonged to her? To me it seems a straining of the law to read into it a meaning so inconsistent with reality. The fact that the fiduciary makes a return to the State Tax Commission for the two classes of trusts, the one on which he pays the tax and the other on which the beneficiary pays the tax, is of no help in determining the meaning of this section as the latter return is for the information of the taxing authorities. The beneficiary also has to make a return and pay the tax where the income of the trust is distributed, as here, periodically. (See on this point *Baltzell* v. *Mitchell,* C. C. A. First Circuit, 3 Fed. Rep. [2d Series] 428, and *Irwin* v. *Gavit,* U. S. Sup. Ct., April 27, 1925.)

We are sustained in this view of these sections of the Tax Law by the regulations adopted by the Commission. Individuals carrying on business in partnerships shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share of the net income of the partnership for the taxable year. The net income of the partnership shall be computed in the same manner and on the same basis as provided in computing the net income of individuals (Sec. 364). Thus, taxes upon partnership property would be a proper deduction in arriving at the net income of a partnership. If the taxes exceeded the income the minus quantity would be an element in making up the individual tax returns of the partners. The regulations adopted by the Commission include these provisions regarding partnership and also provide in article 245 that such regulations are generally applicable to an estate or trust. Accordingly taxes on real estate payable by a trustee are to be deducted by a beneficiary under this kind of a trust in the same way as

such a deduction would be allowed to a partnership for partnership taxes.

We conclude, therefore, that the Commission was in error in assessing the relator for the years 1919 and 1920 on the sum paid by the trustee for taxes upon real estate taken out of her non-taxable income, and that the order of the Appellate Division and the determination of the State Tax Commission should be modified by allowing appellant deduction of the sum of $7,845.70 in assessment of income tax for year 1919, and $8,092.23 for year 1920, with costs to appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and LEHMAN, JJ., concur; ANDREWS, J., not voting; POUND, J., absent.

Ordered accordingly.