THE EQUITABLE TRUST COMPANY OF NEW YORK, as Trustee
under a Deed of Trust Entered into between JOHN D. ROCKE-
FELLER and THE EQUITABLE TRUST COMPANY OF NEW YORK,
as Trustee, Dated July 3, 1917, Appellant, *v.* ALTA ROCKEFELLER
PRENTICE, Respondent, Impleaded with E. PARMALEE PRENTICE
and Another, Defendants, and MARY ADELINE PRENTICE and
Others, Appellants.

First Department, May 25, 1928.

Trusts — principal of trust fund — trust instrument provided that trustee
would, with consent of committee, have power to allocate stock divi-
dends to capital or income — committee consented to allocation of
dividends to capital — intention of creator of trust is clear — allocating
stock dividends to principal does not violate Personal Property Law,
§ 16 — in said section, and section 10 as it existed prior to amendment
in 1922 (Laws of 1922, chap. 452), stock dividends are not " income
or profits arising from personal property " or " produce of stock "—
stock dividends are merely subdivisions of capital stock — provision in
trust instrument was not device to avoid prohibition of statute against
accumulation of personal property.

A trust instrument establishing a trust and setting up as principal thereof certain
corporate stock authorized the trustee, with the consent of the committee desig-
nated, to allocate stock dividends to capital or income as might be determined.
Stock dividends were declared and the committee consented to the allocation
thereof to principal. The intention of the creator of the trust to leave the
allocation of the dividends to principal or income in the discretion of the trustee,
with the consent of the committee, is perfectly clear from the instrument.

The trust instrument, authorizing the allocation of stock dividends to principal,
and the acts of the trustee and the committee in so doing, did not violate section
16 of the Personal Property Law, providing that accumulations of income of
personal property, not authorized by statute, are void, for a stock dividend does
not come within the meaning of section 10 of the Personal Property Law, prior
to its amendment in 1922 (Laws of 1922, chap. 452), which defines the term
" income of personal property " as meaning " the income or profits arising from
personal property, and includes the interest of money and the produce of stock."

A stock dividend is not income or profits from personal property, nor is it the
produce of stock. Stock dividends are merely a subdivision of the capital
stock of a corporation into a greater number of units.

The provision in the trust instrument was not a mere device for avoiding the
prohibition of the statute against the accumulation of personal property, for
neither the trustee nor the committee were able to dominate or control the
corporation in the declaration of dividends and in the determination of the
character of the dividends declared. And it is not the public policy of this
State to regard stock dividends upon stock held in trust as an accumulation of
income.

APPEAL by the plaintiff and by the defendants Mary Adeline
Prentice and others from a judgment of the Supreme Court, entered

First Department, May, 1928. [Vol. 223

in the office of the clerk of the county of New York on the 14th day of February, 1928.

*Winthrop W. Aldrich* of counsel [*Harrison Tweed* with him on the brief; *Murray, Aldrich & Roberts*, attorneys], for the plaintiff, appellant.

*William D. Stiger*, guardian *ad litem* for infant appellants Mary Adeline Prentice and Spelman Prentice.

*Dallas S. Townsend* of counsel [*Everett Colby* with him on the brief; *Barry, Wainwright, Thacher & Symmers*, attorneys], for the appellants John D. Rockefeller, Jr., E. Parmalee Prentice, Bertram Cutler, Willard S. Richardson and Thomas M. Debevoise, as committee under deed of trust.

*Thomas M. Debevoise* of counsel [*Eugene Congleton* with him on the brief], for the appellants The Rockefeller Foundation, The Rockefeller Institute for Medical Research and The General Education Board.

*H. A. Cushing*, for the respondent.

Finch, J. This is an accounting proceeding involving the construction of a trust instrument and, as construed, its validity. The narrow question presented is whether the due allocation wholly to principal of two true stock dividends by a trustee under a trust, providing income for a life beneficiary with remainders, constitutes an unlawful accumulation under the provisions of section 16 of the Personal Property Law of the State of New York. The learned referee to whom the issues were referred held that such allocation infringed the statute named. We hold to the contrary.

The facts out of which the questions arise briefly follow: In July, 1917, Mr. John D. Rockefeller transferred to the Equitable Trust Company, as trustee, 12,000 shares of the capital stock of the Standard Oil Company (Indiana) to constitute the corpus of the trust. The par value of the shares was thereafter reduced from $100 to $25, and the trustee exchanged the 12,000 shares of old capital stock for 48,000 shares of new capital stock. In 1920 this Standard Oil corporation paid a stock dividend of 150 per cent, making the total number of shares then held by the trustee 120,000. In 1922 the same corporation paid a stock dividend of 100 per cent or 120,000 shares. The trustee then held 240,000 shares. The net income of the trust under the trust deed is payable to the defendant, respondent, Mrs. Prentice, after deducting an annuity to her husband, E. Parmalee Prentice. A power of

appointment is given to Mrs. Prentice by section 5 of the trust deed. If she fails to exercise this power of appointment, the trust funds are to be divided into separate funds for the benefit of her descendants, and the trustee is directed to apply to the use of the descendants so much of the income from these funds as a committee appointed in accordance with the provisions of the trust deed, in its absolute and unrestricted discretion, may deem wise. This committee is also given power to direct the payment of the balance of the income to charity or to make certain other dispositions of the principal of the trust fund. The Equitable Trust Company, as trustee, instituted this action to settle its account and in connection therewith to have determined the issues heretofore indicated. Section 1 of the trust deed contains the following provision: " The Trustee, with the consent of the Committee, shall have power to determine all questions, whether any  *  *  *  stock dividends *  *  *  are to be treated as capital or income." The committee at first neither consented to nor opposed the allocation of certain stock dividends, but subsequently, by resolution, on April 6, 1926, requested the trustee to determine that all of the 120,000 shares received as a stock dividend should be allocated to the principal of the trust fund. The trustee is willing to make such allocation in accordance with the consent and request of the committee, but desires to have determined first the question whether it may properly comply with the committee's request. After the issues were raised by the defendants' answers, they were referred to a referee to hear and determine, and thereafter an order was made directing the referee to try separately and prior to any trial of the other issues in the case two separate issues, which it was stipulated by all of the parties to the action, as appears by finding 27, should raise two questions: " That Question (a) shall be construed to raise the question of whether or not it was the intent and purpose of the grantor as expressed or implied in the said trust agreement to vest in the trustee thereunder with the consent of the Committee power to determine that the whole of the stock dividends mentioned in the complaint herein should be held as part of the corpus of the trust fund; and that Question (b) shall be construed to raise the question as to whether or not the grant of such power is in conflict with any prohibition of the laws of the State of New York." The referee answered both of these questions in the affirmative. Judgment was thereupon entered that the correctness of the account as filed by the plaintiff be examined by the referee. The plaintiff trustee and certain defendant remaindermen appeal from this judgment, which brings the questions before this court.

The query which has given rise to so much litigation, namely,

what intention will the courts impute to the creator of a trust in an effort to do justice between the life beneficiary and the remaindermen, when the intention of the settlor is silent on the subject, does not arise in the case at bar. Nor does the question of fact arise as to the true intention, as in the cases where the intention of the settlor is not wholly expressed. This for the reason that here the intention of the creator of the trust is so .clearly expressed in the trust instrument that no question can be raised. Said intention being clear, it is controlling. In *Matter of Osborne* (209 N. Y. 450, 458), Judge CHASE, speaking for the court, said: " In determining who is entitled to a dividend upon stock held in trust the intention of the testator or the maker of the trust must be carried out when such .intent is clear, so far as such intent does not result in an unlawful accumulation of income. Very many cases arise, however, where the testator or maker of the trust had not considered the possibility of enormous dividends being declared by corporations to effectuate their reorganization or in the division of accumulated profits made necessary by new statutes, changed circumstances and modern rules and conditions, or, if such testator or maker of the trust had considered such possibility he failed to express himself in the instrument creating the trust so as to show any clear intention regarding the same."

In *Bourne* v. *Bourne* (209 App. Div. 419; affd., 240 N. Y. 172) this court, through Mr. Justice MERRELL, said: " The intention of the testator should of course govern in determining the manner of distributing income or apportioning stock dividends, whenever such intention can be ascertained (*Matter of Osborne*, 209 N. Y. 450; *Matter of Megrue*, 224 id. 284), but I find nothing in the testator's will which indicates any intention that the life beneficiaries should receive any income or profits, except in the usual and ordinary way and in accordance with the accepted definitions of such terms. These extraordinary dividends, therefore, fall within the rules stated in the *Osborne* and *Heye** Cases (*supra*)."

The referee, in addition, has also found as a fact that the intent of the settlor was as above expressed. Findings Nos. 25 and 26 are as follows:

" 25. It was the intention of said John D. Rockefeller in the creation of said trust, as expressed in said trust agreement, that the power should be vested in said The Equitable Trust Company of New York, as Trustee, with the consent of said Committee, to determine whether a stock dividend of the character of the two stock dividends referred to in the complaint herein constituted

---

* *U. S. Trust Co.* v. *Heye* (224 N. Y. 242).— [REP.

and should be treated wholly or in part as capital or as income, respectively; and it was the intention of said John D. Rockefeller that the determination of said Committee upon this point should be controlling.

" 26. It was the intention of said John D. Rockefeller, expressed in the provision of Section I of said trust agreement dated July 3, 1917, quoted in Finding numbered 17, to give the Committee constituted under said trust agreement the authority to veto any allocation of any part of any stock dividend of the character of the two stock dividends referred to in the complaint herein received by said The Equitable Trust Company of New York, as Trustee, to income of the trust fund held by said The Equitable Trust Company of New York, as Trustee, under said trust agreement, and to give to said The Equitable Trust Company of New York, as Trustee, the power, with the consent of said Committee, to allocate all of any stock dividend of the character of the two stock dividends referred to in the complaint herein received by said The Equitable Trust Company of New York, as Trustee, to principal of said trust fund."

Subject to any inhibitions against unlawful accumulations, it is axiomatic that a settlor has a right to give his property in such manner as he pleases. He may give the life beneficiary the income of such sum as he may designate, excluding entirely any stock dividend; or he may treat any stock dividend entirely as income or as principal, giving the life beneficiary only the income during her life, as in the case at bar. In *United States Trust Co.* v. *Heye* (224 N. Y. 242), Judge CRANE, speaking for the court, said: " As a testator may dispose of his corporate holdings as he pleases, the first thing to be ascertained in cases of this kind is the intention as expressed in the will."

The allocations of these stock dividends wholly to principal being thus clearly in accordance with the intention of the settlor, we are next brought to inquire whether there is any unlawful accumulation involved in the carrying out of this intention so clearly expressed in the trust instrument by the creator of the trust. Section 16 of the Personal Property Law (as amd. by Laws of 1915, chap. 670; since amd. by Laws of 1927, chaps. 384, 681) provides in effect that there may be accumulations for the benefit of infants during their minorities, and then " All other directions for the accumulation of the income of personal property, not authorized by statute, are void." This section of the Personal Property Law must be read in connection with section 10 of the same law before its amendment in 1922 (Laws of 1922, chap. 452), which provides: " The term ' income of personal property,' as used in this article,

means the income or profits arising from personal property, and includes the interest of money and the produce of stock." We have reached the conclusion that section 16 does not contain any prohibition which applies to the trust here created. In the first place, it cannot be said that these stock dividends have been received as " income or profits arising from personal property," nor can they be said to be " the produce of stock." It is well settled that the distribution of these additional units by means of a stock dividend does not constitute a distribution of income. (*Towne* v. *Eisner*, 245 U. S. 418; *Eisner* v. *Macomber*, 252 id. 189; *People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173.) On the contrary, the stock dividends in question constitute merely a subdivision of the capital stock of the corporation into a greater number of units.

In the second place, it cannot be said that the aforesaid provision of the trust instrument was a mere device for avoiding the prohibition of the statute against the accumulation of personal property. No contention is raised that either the trustee or committee is able to dominate or control the corporation whose stock is involved herein. There was, therefore, no attempt or power shown to violate the act by an accumulation of income through the withholding of dividends from income, which ordinarily would be declared and paid in cash. It is, moreover, not the public policy of the State to regard stock dividends upon stock held in trust as accumulations of income. This is shown by the amendment of the Personal Property Law in 1922 (Laws of 1922, chap. 452, since amd. by Laws of 1926, chap. 843) by the addition of section 17-a expressly providing that the addition of stock dividends to the principal of a trust pursuant to the provisions of the will, deed or other instrument creating the trust, shall not be an accumulation of income within the meaning of the act. The purpose of the enactment was not to declare a change in the existing law, but rather to clear up any doubt existing as to the policy of the State upon the question involved, owing to certain dicta contained in *Matter of Osborne* (209 N. Y. 450, 475) as to the possible effect of the statute against accumulations upon a true stock dividend. Prior to the *Osborne* case and to the amendment of 1922, it had time and again been held that an addition to the corpus of a trust through a stock dividend was not violative of the law against accumulations. (*Chester* v. *Buffalo Car Mfg. Co.*, 70 App. Div. 443; *Matter of Rogers*, 161 N. Y. 108.)

It follows that the judgment appealed from should be reversed and a judgment entered that the trustee file an amended account allocating to principal all the shares of stock received on account

of both stock dividends referred to in the complaint, with costs to all parties appearing payable out of the fund.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and judgment ordered that the trustee file an amended account allocating to principal all the shares of stock received on account of both stock dividends referred to in the complaint, with costs to all parties appearing payable out of the fund. Settle order on notice.