THE PEOPLE OF THE STATE OF NEW YORK ex rel. BROOKLYN TRUST COMPANY, as Committee of the Property of CHARLES M. PRATT, Relator, *v.* M. FRANK LOUGHMAN and Others, as and Constituting the STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondents.*

Third Department, May 3, 1929.

*Cullen & Dykman* [*Francis L. Durk* of counsel], for the relator.

*Hamilton Ward, Attorney-General* [*Henry S. Manley, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, P. J.    The relator, the Brooklyn Trust Company, as committee of the property of Charles M. Pratt, filed a return

* Affd., 251 N. Y. 569.

of income for the taxable year 1926, computing the amount of the tax to be $20,373.89. The Tax Commission recomputed the tax and fixed an additional tax in the sum of $20,933.11, which sum was paid under protest, and application for refund of the additional tax was denied. The relator contends that it should have been granted.

The facts are undisputed. One Charles Pratt, deceased, by his last will, created a trust fund in which were many stocks, named the trustees thereof and gave to Charles M. Pratt, sole beneficiary, the income thereof. On May 16, 1923, the Brooklyn Trust Company was appointed the committee of the property of Charles M. Pratt, the aforesaid beneficiary. Prior to May, 1923, stock dividends and stock rights were declared on the stocks held in this trust fund. The rights were taken up by the trustees and stock certificates for the stock dividends and the rights were issued to the trustees. The Supreme Court of this State, in a proceeding instituted thereafter by the trustees, determined that the stock dividends and rights were income and should go to the beneficiary; and thereupon these stock certificates, which represented the dividends and rights, were delivered to the relator. The relator sold these certificates in 1926 and properly set forth this transaction in its income tax return for that year. (Tax Law, § 369, added by Laws of 1919, chap. 627, as amd. by Laws of 1926, chap. 285; Id. § 365, subd. 2, added by Laws of 1919, chap. 627, as amd. by Laws of 1922, chap. 426.) It calculated the amount of the tax upon the profit or gain realized upon that sale; to determine the profit it set forth the market value of the stocks on the day the certificates were received by it and the amount received from the sale thereof. The profit so shown was found to be $129,741.68 and the amount of the tax $20,373.89. The Tax Commission, on recomputing the tax, ruled that the whole sum received from the sale was to be treated as income to the beneficiary; and argued the receipt of the certificates is not distinguishable, for income tax purposes, from the receipt of cash in an amount equivalent to the value of the stock; thus when the certificates were converted into cash the tax is assessable on the entire proceeds. It seemed to treat these certificates as if they represented stock dividends and rights declared upon stocks owned by Charles M. Pratt.

We conclude that this ruling is erroneous. The stock dividends and rights were not declared upon property belonging to Charles M. Pratt. They were declared upon the stocks held in the trust fund; and the stock certificates issued for them were delivered to the trustees of that fund. These stock certificates came into the hands of the committee by virtue of the terms of the trust expressed

in the will and under the order of the Supreme Court; that is, as a bequest of the creator of the trust. They were income of the trust, but in no sense income of the property of Charles M. Pratt. They became a part of his estate in the hands of his committee as if they had been bequeathed as a direct cash legacy in the will of another to Charles M. Pratt. When so received they became his property, a part of his estate, not taxable (Tax Law, § 359, subd. 2, ¶ c, as added by Laws of 1919, chap. 627) until disposed of, and then taxable only as to the gain or profit received on the sale. (Id. § 359, subd. 1, added by Laws of 1919, chap. 627, as amd. by Laws of 1920, chap. 695.) " The law is settled that the profit is income for the tax gatherer." (*Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1, 11.)

We do not think section 359, subdivision 2, paragraph m (as added by Laws of 1926, chap. 543), has any application to the case. Charles M. Pratt's estate did not receive these as a shareholder.

The determination of the State Tax Commission, assessing the additional tax, should be annulled, with fifty dollars costs and disbursements, and the matter remitted to the State Tax Commission to fix the tax in accord with this opinion.

WHITMYER, HILL and HASBROUCK, JJ., concur; DAVIS, J., concurs in result on the authority of *People ex rel. Clark* v. *Gilchrist* (243 N. Y. 173).

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission to fix the tax in accord with the opinion.