In the Matter of SAMUEL C. YEATON, JR., Petitioner, v. ARTHUR LEVITT, as State Comptroller, Respondent.—Submission of a controversy upon an agreed statement of facts pursuant to sections 546–548 of the Civil Practice Act; petitioner seeking refund of an assessment paid in 1958 in respect of alleged additional income for the year 1954 representing the difference between the price he paid in that year for stock of his corporate employer, upon exercise of a restricted stock option, and the fair market value at the date of purchase. The State Tax Commission has authorized the refund but the respondent Comptroller has declined to approve and pay it. The primary issue arises upon the respondent Comptroller's contention that section 358-c of the Tax Law (L. 1959, ch. 845), which (under certain conditions) removes restricted stock option

benefits, received by corporate employees, from classification as income to that of capital gain, and at the same time defers taxation of the gain until realized, is constitutionally invalid insofar as the act is, by its terms, given retroactive effect with respect to returns for any taxable year commencing on or after January 1, 1950; the constitutional provisions invoked by the Comptroller being those prohibiting the gift of State money (N. Y. Const., art. VII, § 8). We find in point and therefore controlling the decision in *People ex rel. Clark* v. *Gilchrist* (243 N. Y. 173) which upheld, as against the same constitutional argument here advanced, an amendment to the Tax Law providing that stock dividends, as there defined, should not be subject to tax, and gave the amendment retroactive effect. We do not reach the other legal questions posed by the briefs. Judgment for petitioner, with costs. Settle judgment. Gibson, Herlihy and Taylor, JJ., concur; Coon, J. P., not voting.