ALBANY,
October, 1824.

Jackson
v.
Chapman.

JACKSON, *ex dem.* HADLEY & OTHERS, *against* CHAPMAN & OTHERS.

*A defendant in ejectment, tho' he settled under color of a bona fide purchase on a military lot, may be turned out of possession, without pay for his improvements, within the statute, (1 R. L. 303, s. 2, 4; 3 W. & S. 399; sess, 26, ch. 78, s. 2) unless he shew that he settled there before the 8th day of April, 1813, when the last act concerning lands in the military tract passed.*

EJECTMENT for lot No. 90, in *Hector*, in the county of *Tompkins.* Verdict for the plaintiff, at a Circuit in *Tompkins*, in 1823, before NELSON, C. Judge, who certified that it appeared, at the trial, that this lot had been patented to *Bishop Hadley*, a soldier of the revolutionary war, in the line of the state of *New-York*, in the army of the *United States*, who died before the 27*th March*, 1783 ; and that the lessors of the plaintiff were his heirs at law, upon which title the plaintiff recovered ; that it farther appeared, on the trial, that the defendants respectively were actual settlers on this lot, and had entered and settled on the same under color of a *bona fide* purchase, about the year 1818, and before the commencement of the suit ; and had made improvements on the several parts of the lot occupied by them respectively ; and that the lessors of the plaintiff, before the commencement of the suit, offered to have these improvements appraised, and to pay for them, which the tenants refused.

Two other causes were similarly situated. Upon these facts,

*J. A. Collier*, moved for rules staying all proceedings on the part of the plaintiffs respectively, till their lessors should pay to the several defendants, the value of their respective improvements, which they had made at the time the suits were brought, according to the statutes of 1803 and 1813, (1 *R. L.* 303, *s.* 2, 4 ; 3 *W. & S.* 399, *sess.* 26, *ch.* 78, *s.* 2,) which provide, that where " *any person or persons, shall have*" *actually settled on any of these military lands,* under color of a *bona fide* purchase, and, in any action to be instituted for the recovery of the lands, a judgment or decree shall pass for the plaintiff against the tenant, the former shall not be permitted to take possession, till he shall have paid the tenant the value of the improvements made by him, or those under whom he claims, &c.

ALBANY,
October, 1824.

Jackson
v.
Chapman.

He was aware that the motion would be opposed, on the ground that the words of the statute, " where any person or persons *shall have settled,*" &c. are retrospective, and relate merely to such defendants as settled on these lands previous to the passage of the act ; but there are several statutes couched in similar language, which are daily construed to operate prospectively, and under which important rights have arisen. Thus, the statute relative to the Court of Probates and Surrogates, (1 *R. L.* 450. *s.* 23) provides, that when any executor or administrator, whose testator or intestate *shall have died seised,* &c. shall discover that the personal estate is insufficient to pay debts, it shall be lawful for him to sell the real estate, &c. So the statute authorizing the general issue, and double costs, in certain cases, to be awarded to defendants, (1 *R. L.* 155, *s.* 1) gives the double costs which they *shall have sustained* by reason of the suit. So, by the statute, (1 *R. L.* 468, *s.* 19) as to distributing the money of insolvent debtors, the assignees are to distribute the moneys which *shall have come* to their hands. So, in the poor act, (1 *R. L.* 278) every person who *shall have come to inhabit,* &c. shall be deemed settled, &c. So. in the act for the relief of cities and towns against the maintenance of bastard children, (1 *R. L.* 309, *s.* 6) the putative father is to be discharged, unless an order of filiation shall be made in 8 weeks after the mother *shall have been delivered.* Similar words are found in other statutes, which are constantly construed to have a prospective effect.

The words in question are, *shall have settled.* The legislature never meant to confine this to a period between 1783 and 1813. If so, the words would have been, " shall have heretofore settled," &c.

*S. Stevens,* contra. The acts referred to by the counsel for the defendants, to illustrate the propriety of his construction, were all passed for the purpose of providing a remedy in cases *thereafter* arising. They were prospective, from the nature of the subject matter. The act in question relates to *past* tenants—to facts which already existed at the time when it passed. The words are not, " persons who

may hereafter settle." The case of *Jackson* v. *Bush*, (3 *John. Rep.* 512) virtually disposes of this question. It was there taken for granted, that, in order to constitute a right to improvements, the defendant must shew that he entered before the 5*th April*, 1803 ; and the Court treat the finding of this fact as very material.

*D. Cady*, (*ut amicus Curiæ*) referred to a MS. case, *Jackson, ex dem. Jenkins et ux.* v. *Williams*, lately decided by this Court, in which they recognized the construction contended for by Mr. *Stevens.*

*Cur. adv. vult.*

At another day,

Savage, Ch. J. said, that taking up this question as undecided, the Court had differed in the construction to be given to the act, and they had accordingly availed themselves of the case to which they had been referred by Mr. *Cady.* That case not being distinctly within the recollection of either of the present members of the bench, it struck the Court, at first, that it might have turned on some point different from that supposed by Mr. *Cady.* He (the Ch. J.) had, therefore, inquired of the late Ch. J. *Spencer*, who was on the bench when the question arose, and took part in the decision ; and he agrees, in his recollection, with Mr. *Cady.* The Court deem it their duty to yield to the authority of this case, and are unanimous that the act must be deemed retrospective in its operation ; and, consequently, that the defendants can take nothing by their motion.

*Motion denied.*