PEOPLE ex rel. ECKERSON v. BOARD OF EDUCATION, ETC., OF
SCHOOL DIST. NO. 1 OF HAVERSTRAW.

(Supreme ·Court, Appellate Division, Second Department.   May 1, 1908.)

1. TAXATION—RECOVERY OF PAYMENTS—"SHALL HAVE BEEN"—STATUTORY
PROVISIONS—CONSTRUCTION.

Laws 1907, p. 1682, c. 721, § 1, subd. 3, amending Laws 1896, p. 795,
c. 908, which repeals Laws 1880, p. 402, c. 269, provides that when a tax
shall have been levied and collected in any school district on a property
assessment valuation ascertained from the town assessment roll, which
assessment shall have been adjudged by order of the court to have been
erroneous, the trustees of the school district shall audit and cause to be
paid to the person paying the tax the amount paid by him in excess of
what the tax would have been in case the assessment had been made as
adjudged, together with interest from the date of the payment.   The act ·
further provides that where the certiorari, on which the excessiveness
of the tax was adjudged, was issued pursuant to Laws 1880, p. 402, c.
269, and such tax shall not have been already refunded, the application
for audit and allowance must be within three years from the passage of
the act, and that, when the writ of certiorari was issued under the pro-
visions "of this act," the application must be made within three years aft-
er the entry of the final order adjudging the assessment to be erroneous.
*Held*, that though the phrase "shall have been," as used in the clause,
"when a tax shall have been levied and collected," is a future perfect
tense, and contemplates an event completed in the future without refer-
ence to the past, and though the act amends a general law, still it clearly
indicates a legislative intent that it should be retrospective, as well as
prospective, as appears from the provision which expressly authorizes
the presentation of claims based upon a reduction made pursuant to a
certiorari issued under the act of 1880, which reduction must have been
made previous to the repeal of the act by the act of 1896.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p.
6471.]

2. SAME—LEGISLATIVE INTENT—"SHALL HAVE BEEN."

The words "shall have been levied," in a statute relating to the refund-
ing of taxes, which "shall have been levied" erroneously, furnish a con-
venient form for legislative use when it is desired to give all-inclusive
force to a single expression, and are susceptible of both past and future
application;   and hence the determination whether they apply only to
future taxes levied or to both past and future is a question of legislative
intent in each statute.

3. SAME—ESTOPPEL—FAILURE TO RESORT TO OTHER REMEDY.

Failure of a taxpayer to avail himself of the remedy given by Act
1864, p. 1260, c. 555, § 68, for the reduction of the valuation of his prop-
erty assessed for school tax purposes, does not estop him from applying
for the remedy given by Act 1907, p. 1682, c. 721, § 1, subd. 3, permitting
him to apply to the school district trustees for the audit and allowance of
taxes paid in excess of those adjudged to be due by order of the court
in certiorari proceedings, since the act of 1907 affords in itself a new
statutory scheme for the refunding of excessive payments, which the
statute itself declares should be determined as excessive perforce of an
adjudication in certiorari proceedings, and is not supplemental to or
conditional upon the act of 1864.

4. SAME—VOLUNTARY PAYMENT—EFFECT.

The mere fact that a tax was voluntarily paid does not debar the
Legislature from providing for a refund of that part of it which was ex-
cessive;   and hence a taxpayer is not precluded by voluntarily paying a
tax from obtaining relief under a statute relating to the refunding of
excessive taxes not previously refunded, which were levied and paid upon

110 N.Y.S.—49

a basis thereafter pronounced improper by the courts, where the statute did not limit its application to involuntary or compulsory payments.

5. CONSTITUTIONAL LAW—LEGISLATIVE POWERS—RETROSPECTIVE LAWS.

Legislative recognition of the existence of a moral obligation to refund excessive taxes to a taxpayer, and the giving it legal effect by a retroactive statute, is within the legislative power.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Constitutional Law, §§ 526–531.]

6. SAME—JUDICIAL POWERS—POLICY OF STATUTE.

The legislative policy in enacting a law is not the concern of the courts, so long as the legislative enactment is within the Constitution, and, though the practical effect of an act may be considered by the courts in arriving at the legislative intent where that requires interpretation, the courts will not nullify or limit a statute under the guise of interpretation because they may not approve of its policy or scope.

7. TAXATION—RECOVERY OF PAYMENTS—STATUTORY PROVISIONS—GROUNDS OF INVALIDITY.

The fact that the application of a statute allowing a refund of excessive taxes, together with interest from the date of their payment, to taxes paid 20 years before, is in effect to give an interest-paying investment for 20 years to the taxpayer, affords no justification for nullifying the statute by judicial legislation; such criticism of the statute not being one against the refund of the excessive tax, but against the express provision of the statute affording interest thereon.

8. SAME—INTEREST ON RECOVERY.

The obligation to refund excessive taxes levied and collected carries with it the right to interest as a matter of course.

9. SAME—STATUTORY PROVISIONS—VALIDITY—"DEBTS."

Laws 1907, p. 1682, c. 721, § 1, subd. 3, providing for the refund to taxpayers of the excess of school taxes judicially determined excessive, is not unconstitutional as imposing upon one person the debt of another, since taxes are not to be regarded as debts within the constitutional prohibition relating thereto, and, even if they were, the statute merely adjusts the debt, in that it returns to the "debtor" the excess paid by him over what was due from him, and merely provides for an abatement of the excessive portion of the tax, and not for a donation or gift.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1864, 1886; vol. 8, p. 7628.]

10. SAME.

Laws 1907, p. 1682, c. 721, § 1, subd. 3, providing for the refunding to taxpayers of excessive school taxes judicially determined excessive, and which prescribes limitations to the application which it authorizes, and which applies retrospectively as well as prospectively, and authorizes the refund of taxes determined illegal on certiorari issued under Laws 1880, p. 402, c. 269, which law was repealed in Laws 1896, p. 795, c. 908, was not obnoxious to article 7, § 6, Const., which section is aimed against the allowance of stale demands against the state.

11. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—WHAT IS PROPERTY—DEFENSE OF LIMITATION.

The bar of the statute of limitations as a defense to an obligation is not "property"; and hence the removal of the bar by statute is not a taking of property without due process of law, within the constitutional inhibition.

Certiorari on the relation of J. Esler Eckerson, against the board of education and trustees of school district No. 1 of Haverstraw, to review the determination of the board in rejecting claims for a refund of a part of school taxes. Determination set aside, and defendants directed to proceed to audit claim.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Ralph E. Prime, for relator.
Wm. McCauley, for respondents.

JENKS, J. The valuations of the realty as a basis for these taxes were ascertained, and were taken by the board of school trustees, as required by law (section 67, c. 555, p. 1259, Laws 1864), from the last assessment roll of the town made by the town assessors. These taxes were assessed in 1886 and 1887, and were paid on November 1, 1886, and on October 15, 1887, respectively. In September, 1886, and in September, 1887, respectively, the owners of the realty obtained a writ of certiorari under chapter 269, p. 402, Laws 1880, to review the valuations of the town assessors for those years, and thereby secured final orders or judgments for substantial reductions in such valuations. The claims which are the subject of the writ now before us were presented to the school trustees in November, 1907, under section 1, subd. 3, c. 721, p. 1682, Laws 1907, which reads:

"When a tax shall have been levied and collected in any school district of this state upon any property within such district on any assessment value thereof which shall have been ascertained from a town assessment roll and which assessment upon such town roll shall have been ordered, adjudged or determined by order of the court as aforesaid to have been illegal, erroneous or unequal though made by town assessors was adopted and was used in such district for the purpose of taxation for school purposes, then and in such case the trustees of such school district shall audit and allow and cause to be paid to the petitioner, or other person who shall have paid such tax, the amount paid by him in excess of what the school tax would have been in such case if the assessment had been made as ordered, adjudged or determined by such order of the court, together with interest thereon from the date of the payment."

Application to the proper officer for the audit and allowance of such moneys must be made by the petitioner or other person paying such tax, as follows:

"Where the writ of certiorari was issued pursuant to chapter two hundred and sixty-nine of the Laws of eighteen hundred and eighty, and such tax shall not have been heretofore refunded, such application must be made within three years from the passage of this act. When the writ of certiorari was issued under the provisions of this act, then such application for audit and allowance must be made within three years after the entry of the final order ordering or adjudging or determining such assessment to have been illegal, erroneous or unequal; provided that the time of the pendency of any appeal in any such proceeding or from any such order shall not be deemed any part of such three years."

This statutory scheme is a refund to the taxpayer of the amount actually paid in excess of amount which he would have been required to pay if the valuations taken by the school trustees had been, not those determined by the town assessors, but such valuations as reduced by the certiorari proceedings under the act of 1880.

The claims are of the kind described in subdivision 3 of the said act of 1907, and I think that they are within the purview of that statute. The language of subdivision 3 is: "When a tax shall have been levied and collected," etc. And "shall have been" is a future perfect

tense, for it contemplates an event completed in the future, without reference to the past. Alden v. City of. Newark, 40 N. J. Law, 92; Dewart v. Purdy, 29 Pa. 113; Endlich on Statutes, § 272. Notwithstanding this expression and the fact that the statute amends a general law, I think there is clear indication of the legislative intent that the statute shall be retrospective as well as prospective. This intent appears in the second paragraph of subdivision 3 regulative of the application for the refund; for it provides:

"Where the writ of certiorari was issued pursuant to chapter two hundred and sixty-nine of the Laws of eighteen hundred and eighty, and such tax shall not have been heretofore refunded, such application must be made within three years from the passage of this act."

As this expressly authorizes the presentation of claims based upon a reduction made pursuant to a certiorari issued under the act of 1880, and as that act was repealed by the general tax law (1 Laws 1896, p. 890, c. 908), such a writ must have been issued previous to the time of this appeal—1896. The reduction resultant from such a writ, then, must have been made of values assessed previous to the repeal of that act, and as the claim is to be based upon such reduction, it follows that the relief afforded is retrospective. The language itself admits of retrospective construction. Norris v. Sullivan, 47 Conn. 474; Jackson v. Chapman, 3 Cow. 390. In Norris' Case, supra, the court says:

"The words 'shall have levied' are susceptible of both past and future application. They furnish a convenient form for legislative use when it is desired to give all-inclusive force to a single expression. Therefore as they may mean future, or past and future, it becomes a question of legislative intent in each statute."

It cannot be argued that this legislative expression as to a certiorari under the act of 1880 was in forgetfulness of the repeal of that act, or that the intent was merely to refer to certiorari proceedings taken under the act of 1880 or its equivalent (section 250 et seq., c. 908, p. 882, Laws 1896), for the reason that, after this specific declaration in section 3 as to the said act of 1880, the act proceeds, "When the writ of certiorari was issued under the provisions of this act," etc., referring to the general law which repealed and supplanted the act of 1880, namely, chapter 908, p. 890, Laws 1896, inasmuch as this act of 1907 is in terms an amendment of the said general law of 1896.

It is urged that under section 68 of the act of 1864 (chapter 555, p. 1260), the taxpayer was afforded an opportunity of having the school tax assessment reviewed, and that, having failed to avail himself thereof by giving notice or by taking any step for a reduction of the valuation taken for the school tax purposes, he is now estopped. The answer is that the statute of 1907 affords in itself a new statutory scheme for a refund of excessive payments which the statute itself declares shall be determined as excessive perforce of an adjudication in certiorari proceedings. It is not supplemental to any section of the act of 1864, or to that act or to the acts which continued its provisions, or in any way is it made conditional upon it, or of any step taken thereunder. The only condition as to presentation of the claims now up (i. e., those based upon the result of a certiorari under the act

of 1880) is: ."And such tax shall not have been heretofore refunded."
Section 1, subd. 3, Laws 1907, ut supra. It is contended that, inasmuch as the payments were voluntary, the tax could not be refunded.
The mere fact that the tax was ·paid voluntarily does not debar the
Legislature from providing for a refund of that part which is excessive. Cooley on Constitutional Limitations (2d Ed.) 753; Matter of
Adams v. Supervisors, 154 N. Y. 626, 49 N. E. 144. The statute itself is not limited to involuntary or compulsory payments. The only
conditions expressed are that the tax shall have been levied and paid
upon a basis thereafter pronounced improper by the courts, and that
it shall not heretofore have been refunded. In Matter of Adams v.
Supervisors, supra, the court say:

"With respect to the other question, all that the statute requires a party
who makes such an application to the supervisors to show is that the county,
through its proper officer, had collected from him a tax illegally or improperly assessed or levied. It would not be very difficult to show that the payment in this case was compulsory; but, whether it was or not, the executor
had the right to have the money refunded, since the statute was intended for
the benefit of a party who pays an illegal tax voluntarily, as well as one who
pays under what the law terms 'duress.' "

The moral obligation to refund an excessive tax is just ·as strong
whether it was paid voluntarily or by duress, for the ground thereof is
a payment beyond that which should in justice have been charged.
This statute avowedly rests upon the proposition that the amount paid
was excessive because the basis for such amount was determined excessive by the adjudication of the courts, and it but refunds the difference between the amount actually imposed and paid and the amount
which would have been imposed and paid upon a fair basis as thus determined. Determining from a legal adjudication to that effect that
the basis of the tax was excessive, the Legislature has deemed that a
moral obligation exists and has given its legal effect by a retroactive
statute. The principle that such a statute is within the legislative power is well settled. W. I. B. Co. v. Town of Attica, 119 N. Y. 204, 23
N. E. 542; Matter of Chapman v. City of New York, 168 N. Y. 80–
84, 61 N. E. 108, 56 L. R. A. 846, 85 Am. St. Rep. 661; Lycoming v.
Union, 15 Pa. 166, 53 Am. Dec. 575. The argument that, when the
payment was voluntary, such a refund should not be ordered, is one
addressed to the Legislature, not the courts. The legislative policy is
not the concern of the courts so long as the legislative enactment is
within the Constitution. The practical effect of an act may, of course,
be considered by the courts in arriving at the legislative intent where
that requires an interpretation, but under the guise of interpretation
the courts will not nullify or limit a statute because they may not approve of the policy or of the scope of the statute. Of course, it may
be said that the application of the statute to this case and those like
unto it is in effect to give an interest-paying investment for ·20 years
to the relator. But that fact affords no justification for nullification
or judicial legislation. Such criticism is not against the policy of a
refund of an excess, but against that express provision of the statute
which affords interest. But the obligation to refund carries with it
the right to interest as matter of course. Matter of O'Berry, 179 N.

Y. 288, 72 N. E. 109. It is urged that this statute is unconstitutional because it attempts to impose upon one person the debt of another. Taxes are not to be regarded as debts within a constitutional prohibition relating to debts. Linn v. O'Neil, 55 N. J. Law, 58, 25 Atl. 273; City of Camden v. Allen, 26 N. J. Law, 398; Cooley on Tax. § 15 et seq. But, even if we consider this tax as a "debt," this statute but adjusts the "debt" in that it returns to the "debtor" the excess paid by him over what was due from him. This statute but provides for an abatement, not for a donation or a gift. Matter of Chapman v. City of New York, 168 N. Y. 83, 61 N. E. 108, 56 L. R. A. 846, 85 Am. St. Rep. 661 et seq.; Mayor, etc., v. Tenth National Bank, 111 N. Y. 459, 18 N. E. 618. It is also urged that the claims are barred by the statute of limitations. This statute is not obnoxious to section 6 of article 7 of the Constitution because that section is aimed against the allowance of stale claims against the state. Corkings v. State, 99 N. Y. 494, 2 N. E. 454, 3 N. E. 660; Cayuga County v. State, 153 N. Y. 287, 288, 47 N. E. 288. The statute itself prescribes the limitations to the application which it authorizes. Section 1, subd. 3. In Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483, the court say that it may be well held that in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by legislative act after the bar is perfected, such act deprives a person of his property without due process of law, because by the law before the repealing act the defendant was vested with property, but that to remove a bar which a statute of lim-, itations enables a debtor to set up "stands on very different ground"; and then the court says:

"We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation, as often asserted and especially by this court, are founded in public needs and public policy—are arbitrary enactments by the lawmaking power. * * * We are unable to see how a man can be said to have property in the bar of the statute as a defense to his promise to pay. In the most liberal extension of the use of the word 'property' to choses in action, to incorporeal rights, it is new to call the defense of lapse of time to the obligation to pay money property. It is no natural right. It is the creation of conventional law. We can understand a right to enforce the payment of a lawful debt. The Constitution says that no state shall pass any law impairing this obligation. But we do not understand the right to satisfy that obligation by a protracted failure to pay. We can see no right which the promisor has in the law which permits him to plead lapse of time instead of payment, which shall prevent the Legislature from repealing that law, because its effect is to make him fulfill his honest obligations."

See, too, Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59.

Determination of the board of education and trustees set aside, and the defendants are directed to proceed to audit in accordance with the above opinion. Settle order before Mr. Justice JENKS. All concur.