THOMAS J. BATTLES, Respondent, v. RUTLAND RAILROAD COMPANY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, entered in the Rensselaer county clerk's office on April 17, 1935, in favor of the plaintiff and against the defendant for the sum of $5,129.50 damages and costs entered upon the jury's verdict, and from an order entered on April 29, 1935, denying defendant's motion to set aside the verdict and for a new trial. Plaintiff was employed as a fireman on one of defendant's locomotives hauling a passenger train. On April 16, 1931, he attempted to use a sprinkler hose to wet down the coal, and hot water squirted out of the hose and the end of the hose whipped and he was struck in the eye by the hose and the water, receiving the injuries for which he has had a verdict. There was proof that the packing nut was loose and the sprinkler hose valve was worn, so that the vibration of the engine would cause it to come loose, and that the hose had leaked for some time before the accident. This condition had been called to the attention of one of the inspectors, but it had not been repaired. The action was brought under the Federal Safety Applicance Act (United States Code, tit. 45, § 23). Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYRACUSE TRUST COMPANY, as Trustee of the Trusts Created by RICHARD MATHER and Others, Respondent, v. WILLIAM M. REMMER and Others, Assessors of the City of Utica, Oneida County, and Others, Appellants.— Review of assessment in the city of Utica. The property (The Arcade Building) was assessed $800,000. The referee found, and the court affirmed the finding, that the full value of the property was $650,000; that the equalized rate was sixty-six per cent (this according to stipulation of the attorneys), and that as the assessors of Utica assessed property generally at only sixty-six per cent of the full value, the proper assessed valuation of this property was $429,000. The judgment and order so far should be affirmed. The owner asked a reduction to $350,000. The reduction found by the court was more than one-half of the reduction claimed, and the owner is entitled to recover costs against the city as provided by section 294 of the Tax Law, but is not entitled to extra costs under chapter 361 of the Laws of 1934, which amended section 1513 of the Civil Practice Act. Judgment modified by deducting therefrom the sum of $579.99, costs stated to have been allowed under section 1513 of the Civil Practice Act, and as so modified it, and the order fixing the assessment, affirmed, with costs. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.