THE ERIE RAILROAD COMPANY, Respondent, *v.* CITY OF ROCHESTER, Appellant.

Fourth Department, March 15, 1939.

*William H. Emerson, Corporation Counsel [Clarence M. Platt, Deputy Corporation Counsel, of counsel], for the appellant.*

*George D. Newton, for the respondent.*

CUNNINGHAM, J. This action is brought to recover moneys paid upon taxes thereafter declared to have been levied upon property illegally assessed. The defendant claims that the action is barred by the Statute of Limitations.

In the years 1919, 1920 and 1921 taxes for school purposes were levied upon plaintiff's special franchises situate in School District No. 5 of the town of Brighton. The amounts of such taxes were paid by the plaintiff to the school district. In each year the plaintiff commenced a proceeding to review the assessments of its special franchises, pursuant to the provisions of section 46 of the Tax Law.

By an act of the Legislature, effective January 1, 1923, School District No. 5 of the town of Brighton and other lands were annexed to the city of Rochester, and it was therein provided that " all the outstanding indebtedness of said school district as now existing shall be a charge upon and shall be paid by the city of Rochester." (Laws of 1922, chap. 519.)

On the 7th day of July, 1931, an order was granted in each of the proceedings commenced by plaintiff to review its assessments, decreeing that the special franchise assessments were illegal, directing the cancellation of the same and directing a refund to this plaintiff of the taxes paid thereon.

As soon as the taxes were paid the right to a refund of the same accrued. (*Matter of Furey* v. *Graves*, 148 Misc. 785; affd., 241 App. Div. 897; affd., 266 N. Y. 415.)

Therefore, at the time of the passage of the annexation act, the obligation to refund the taxes paid to School District No. 5 was an existing indebtedness of such district, and the city of Rochester became obligated to pay the same.

The tax collector of School District No. 5 was bound by the adjudication made in the proceedings instituted by the plaintiff to review its assessments the same as though he had been a party to the proceedings. (Tax Law, § 46.) The assessments of plaintiff's special franchises having been declared illegal, School District No. 5 was required to refund to the plaintiff the amounts paid to it by the plaintiff upon taxes based upon such assessments. (Tax Law, § 296, subd. 3.) Application for the payment of the same could be made within three years after the entry of the final order in such proceedings. (Tax Law, § 296, subd. 3.) This statute has been held to be constitutional and binding upon the school district. (*People ex rel. Eckerson* v. *Board of Education*, 126 App. Div. 414; affd., 193 N. Y. 601. See, also, *People ex rel. Oswego Falls Corp.* v. *Foster*, 251 App. Div. 65.)

The city of Rochester succeeded to all the assets and property of School District No. 5, and became obligated to pay all of its indebtedness. The proceedings commenced by the plaintiff to review the assessments of its special franchises were pending at the time the school district was annexed to the city of Rochester. The city of Rochester is the successor of the school district and stands in its shoes. It may not set up any defense to this action which the school district would not have had the right to interpose.

The provision in each of the final orders, directing the refund of the moneys paid upon the illegal taxes, would have bound the school district, if in existence, to make such refund, and the city of Rochester has now succeeded to such obligation and is required to refund to plaintiff the moneys so paid to the school district.

At the time of the commencement of this action the plaintiff was not barred from commencing an action against the school district for the refund of its moneys. Consequently, the Statute of Limitations is not a bar to this action commenced against the city of Rochester, the school district's successor in interest.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS. P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.