In the Matter of the Application of the DELAWARE, LACKA-
WANNA & WESTERN RAILROAD COMPANY and the NEW YORK,
LACKAWANNA & WESTERN RAILWAY COMPANY, Petitioners,
Respondents, for an Order of Mandamus against THE BOARD OF
SUPERVISORS OF THE COUNTY OF ERIE, NEW YORK, Appellant.

Fourth Department, October 2, 1940.

*Paul J. Batt, County Attorney [M. J. Rumizen of counsel]*, for the
appellant.

*Babcock, Hollister, Newbury & Russ [Louis L. Babcock of counsel]*,
for the respondents.

PER CURIAM. The valuation of the lands of the petitioners in the city of Buffalo was fixed for the purpose of taxation by the assessors of the city of Buffalo for the years 1935 to 1939, inclusive. The taxes were levied on such property by the city of Buffalo and also by the county of Erie. Each year petitioners commenced a certiorari proceeding to review the assessment of their property.

The proceedings to review the assessments of 1935 and 1936 were tried before a referee who reported in favor of reducing each assessment in the amount of approximately $1,500,000. Thereafter the city and the railroad entered into an agreement by which it was agreed that the valuation of petitioners' property for each of the years in question should be reduced in the amount of $1,100,000. Thereupon a stipulation was made in each of the certiorari proceedings by the attorneys for the respective parties, consenting that an order might be entered reducing the valuations in accordance with the agreement of the parties, and an order was made in each proceeding making such reduction in the valuation. The county of Erie was not a party to the certiorari proceedings and now claims that it is not bound by the action of the city of Buffalo in making a compromise with the railroad company and by the orders made pursuant thereto in each of the proceedings.

The statute prescribes that a writ of certiorari to review an assessment shall be directed to the officers who made the assessment. (Tax Law, § 291.)

The board of supervisors or the county of Erie might have been allowed to intervene in the proceedings if they had made an application therefor. (*People ex rel. Rochester Telephone Co.* v. *Priest*, 181 N. Y. 300–307; *People ex rel. Rochester Railway & Light Co.* v. *Stearns*, 185 id. 611.)

When the assessors admit in their return that the assessment complained of is erroneous or unequal the court without trial may order a reassessment or a correction of the assessment upon the rolls. (Tax Law, § 293.)

This section undoubtedly gives authority to the parties to a certiorari proceeding to stipulate that the valuation in question in the proceeding be reduced.

The Tax Law provides for the refund of tax paid upon an illegal, erroneous or unequal assessment. (Tax Law, § 296.)

The county of Erie and the board of supervisors thereof are bound by the orders made in the certiorari proceedings. (*Erie Railroad Co.* v. *City of Rochester*, 256 App. Div. 551; affd., 282 N. Y. 601.)

The board of supervisors should audit and allow petitioners' claim for a refund. (*Matter of Syracuse Trust Co.* v. *Board of Supervisors*, 258 App. Div. 17, 23.)

The order should be affirmed, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order affirmed, without costs of this appeal to any party.