PRESTON B. RULAND, Respondent, *v.* HENRY P. TUTHILL, as County Treasurer of Suffolk County, New York, and B. DWIGHT LATHAM, as Collector of Taxes of the Town of Southold, in Said County, Appellants. (Appeal No. 1.)

Second Department, February 28, 1919.

**Constitutional law — chapter 518 of the Laws of 1918 readjusting taxation among school districts — power of Legislature to readjust burden of taxation — statute embracing but one subject and that expressed in title — presumption in favor of constitutionality — injunction pendente lite.**

Chapter 518 of the Laws of 1918, enacted for the purpose of readjusting the burden of taxation among school districts as it would have been if the unit system now repealed after being in operation for about nine months had never been created, is constitutional.

The Legislature has undoubted powers to readjust the burden of taxation according to its conception of justice, and to correct inequality by a retroactive law.

Chapter 518 of the Laws of 1918, entitled " An act to amend the Education Law, in relation to the assessment and collection of school taxes in the county of Suffolk," embraces but one subject, and that is expressed in the title, and hence it does not violate the provisions of section 16 of article 3 of the State Constitution.

All presumptions are in favor of the constitutionality of an act of the Legislature, and before the act may be declared unconstitutional by the courts it must plainly appear that it so violates the Constitution that to uphold it would be to nullify *pro tanto* the Constitution.

In a suit to determine the constitutionality of chapter 518 of the Laws of 1918 and to enjoin the collection of taxes, *held* that an order granting an injunction *pendente lite* should be reversed and the motion denied.

APPEAL by the defendants, Henry P. Tuthill, as county treasurer, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on or about the 31st day of January, 1919, granting a temporary injunction restraining, during the pendency of the action, the collection of any school tax from union free school district No. 9 of the town of Southold, Suffolk county, in excess of $1.38 for each $100 of assessed value.

*Percy L. Housel,* for the appellants.

*Herbert L. Fordham,* for the respondent.

BLACKMAR, J.:

We find no difficulty in ascertaining the meaning and application of chapter 518 of the Laws of 1918 (adding to Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], §§ 410a, 410b), when read in the light of the preceding legislation, and with knowledge of the conditions to which it was intended to apply. By chapter 328 of the Laws of 1917 (adding to Education Law, art. 11-A), all the school districts of a town, excepting certain union free school districts, were consolidated into a single school unit on and after August 1, 1917. The school tax, which had theretofore been assessed and collected by each district for its own uses, was in 1917 levied and collected at a uniform rate throughout the town by or under the direction of the town board of education. Whether this was in accordance with the intent of the law, or whether the statute contemplates that the tax for that year should have been collected by school districts, need not be decided. As a matter of fact, it was levied and collected under the unit system. In the town of Southold, with which we are concerned, and in which eight school districts had been consolidated into one unit, a serious shifting of the burden of taxation took place. In district No. 9 the tax was much less than the amount required for its local schools, and greater in the other districts. The unit system, having been in operation for about nine months, was repealed by the Legislature and the former districts were restored by chapter 199 of the Laws of 1918. The intent of chapter 518 of the Laws of 1918 was to readjust the burden of taxation among the different districts as it would have been if the unit system had never been created; and the defendants were engaged in carrying out the law when stopped by injunction.

It is a superficial view of the law and the acts of defendants to say that a tax was levied upon one district for the benefit of others. The Legislature has undoubted powers to readjust the burden of taxation according to its conception of justice, and a court has no power to substitute its judgment for that of the Legislature, acting within its constitutional powers, as to the proper distribution of taxation. The Legislature has the power to establish tax districts and to delimit them. Before 1917 each school district was a tax district contributing

the revenue for its own purposes. In that year numbers of these districts were consolidated into units substantially co-extensive with towns. Whether justice is better promoted by creating each school district a tax district, or each town a tax district for school purposes, is for the Legislature to determine. If one year's experience with the unit system develops changes that in the opinion of the Legislature lead to inequality in taxation, I know of no constitutional limitation that prohibits the Legislature from correcting the inequality by a retroactive law. That is what was done in this case. The validity of the act lies in the plenary power of the Legislature except as limited by the Constitution over the subject of taxation. (*Cayuga County* v. *State*, 153 N. Y. 279; *State* v. *County of Kings*, 125 id. 312; *People* v. *Fitch*, 148 id. 71; *People ex rel. Lucey* v. *Molloy*, 35 App. Div. 136; affd., 161 N. Y. 621.)

I think the act in question does not offend the provisions of article 3, section 16, of the State Constitution. The title of the law is: " An act to amend the Education Law, in relation to the assessment and collection of school taxes in the county of Suffolk," and there is no provision relating to any other subject in the act. The bill, therefore, embraces but one subject, and that is expressed in the title. " If the title of an act fairly and reasonably discloses what the legislation concerns, or the matter with which it deals, and indicates its purpose, the constitutional requirement is complied with." (*Devlin* v. *Mayor*, 63 N. Y. 8.) There is nothing in the law that does not relate to the levying and collection of school taxes in the county of Suffolk, and this is surely a single subject. The case differs from *Economic P. & C. Co.* v. *City of Buffalo* (195 N. Y. 286), cited by respondent, in which, under the title " An act to incorporate the Economic Power and Construction Company " (Laws of 1893, chap. 459), an unusual franchise to use public streets in every city, village and town in the State for the transmission of power was granted and the company was given power to assign the whole or any part of its franchise. It was held that the title did not suggest that the act contained such an unusual and far-reaching grant. There is nothing in the law under consideration that is not incidental to the general subject of

taxation. (*Prentice* v. *Weston*, 47 Hun, 121; *Gordon* v. *Cornes*, 47 N. Y. 608; *Ensign* v. *Barse*, 107 id. 329.) All presumptions are in favor of the constitutionality of an act of the Legislature, and before the act may be declared unconstitutional by the courts it must plainly appear that it so violates the Constitution that to uphold it would be to nullify *pro tanto* the Constitution.

Without considering the question whether an injunction *pendente lite* can properly be issued against the collection of a school tax in an action like that before us, I think the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., MILLS and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.