BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3, TOWN OF EASTCHESTER, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Defendant.

Supreme Court, Westchester County, January 25, 1943.

*Chester B. McLaughlin* and *Frank H. Foley* for plaintiff.

*Arthur H. Ellis, Corporation Counsel,* for defendant.

YOUNG, Official Referee. This action is brought by the plaintiff pursuant to section 567-a of the Education Law to recover from the defendant taxes collected by the latter upon certain taxable properties, the dwellings upon which are intersected by the boundary line between the two school districts above mentioned. The said statute is as follows:

" § 567-a. *Selection of school for attendance of children when district line intersects a dwelling.*

" 1. The owner of taxable property that is so located that the boundary line between two school districts intersects the dwelling on said property may designate the school in either of such districts to which the children lawfully residing in said dwelling shall attend by filing with the district clerk of each of such districts a notice of such designation on or before August first in any year and thereafter and until a subsequent designation shall be made and filed such children shall be deemed

to be resident children of the district designated and shall be entitled to the school privileges of such district as resident pupils without the payment of tuition.

" 2. School taxes on such property shall continue to be levied and collected without reference to the aforesaid designation but the school authorities of the district that levies and collects a tax upon such property and does not furnish instructional service to the children residing on such property shall pay to the district designated, in which such children are received and instructed, the amount of the tax on such property so levied and collected. If any such district shall fail or refuse on demand to pay the amount of any tax so collected the school authorities of the district designated and furnishing the instructional service may recover the amount in an action therefor."

The complaint sets forth four causes of action, each dealing with a specific taxable property, and the amended answer of the defendant sets forth counterclaims for the recovery of school taxes paid by the defendant to the plaintiff which the defendant alleges were paid due to mistake of fact. Counsel for the defendant in his brief states that the primary question involved in this action is as to the constitutionality of section 567-a of the Education Law. The claim of unconstitutionality is made on the ground that the statute violates the provisions of due process of law and the provisions against granting of funds or the loaning of credit by one municipal corporation to another and also because of unlawful delegation to a private individual of power to create an obligation on the part of a school district and impress a liability upon it at the whim of an individual. (N. Y. Const. of 1894, art. I, § 6; art. VIII, § 10.) A large part of the brief submitted by defendant's counsel discusses this question. I have carefully read the brief and considered the authorities cited and am of the opinion that the statute in question violates no constitutional requirement. Although the constitutionality of this statute apparently has never been determined, somewhat similar statutes have been upheld by our courts. (*Tebo* v. *City of Brooklyn*, 134 N. Y. 341; *Ruland* v. *Tuthill*, 187 App. Div. 20.)

Counsel for the defendant also contends that the designation notices, so-called, given by the owners of the property involved were not as required by the statute. I have examined this point and am of the opinion that the claim is without merit. Plaintiff's first cause of action was dismissed on the trial by consent.

Plaintiff's second cause of action refers to property owned by one Drummond, located so that a portion thereof was within

the limits of the city of Mount Vernon and the remainder within the limits of the village of Bronxville, this property being improved with a single dwelling house. The defendant contends that this cause of action should be dismissed because the dwelling house was not intersected by the line dividing Bronxville and the city of Mount Vernon. It is a fact that only a small portion of the dwelling house was shown to be in the village of Bronxville. In my opinion, however, the point of intersection is immaterial. It is sufficient if the dividing line does in fact intersect the dwelling. I hold, therefore, that the second cause of action has been established.

Plaintiff's third cause of action refers to property known as 6 Pine Terrace. One Tiedemann was shown to be the owner of this property. It is located so that a portion thereof is within the limits of the city of Mount Vernon and the remainder within the limits of the village of Bronxville. It is improved with a single dwelling, and the boundary line concededly intersects the dwelling house. I find that this cause of action has been established.

Plaintiff's fourth cause of action concerns property known as Normandy Terrace Apartment. It is known on the tax map of the city of Mount Vernon as Block 2001, Lot No. 5. It is conceded that the property, so assessed, is located partly in Mount Vernon and partly in Bronxville. It is improved with nine separate buildings, referred to as Buildings A, B, C, D, E, F, G, H and I. Building A is known as Nos. 25, 26, 27 and 28 Normandy Terrace. Building B is known as Nos. 9 and 11 Normandy Road. Building C is known as Nos. 10 and 12 Normandy Road, Building D is known as Nos. 14 and 16 Normandy Road. The Bronxville-Mount Vernon line intersects Buildings A, B and C, and Building D is wholly within the limits of the city of Mount Vernon. The remaining buildings are wholly within the limits of the village of Bronxville. It was shown that, during the school year 1934–35 children attended the Bronxville school without the payment of tuition from Buildings A, B and C. All of this property, A to I inclusive, is owned by a corporation known as 87–91 Woodruff Ave., Inc., and the president of this corporation, as owner of the property, served notice that the children from those buildings and property would attend the Bronxville schools. It was shown that three of the nine buildings were intersected by the boundary line referred to. All of these buildings are heated by a central heating plant and the buildings are all two- or four-family dwellings with units side by side instead of one above the other. The defendant admits

liability for the children attending the Bronxville schools from Nos. 9 Normandy Road and 26 and 28 Normandy Terrace in an amount of $128.33. The plaintiff, however, contends that it should be held, in construing section 567-a of the Education Law, that all nine buildings situated on the property in question were intersected by the boundary line referred to. It is argued that all of this property was assessed in one assessment as Block 2001, Lot No. 5, by the city of Mount Vernon at $70,000. It is argued that no express provision is made in the statute for a situation where more than one dwelling is located on a tract of land and that, in the present case, there is no practical way to give effect to the statute other than to permit the recovery by Bronxville of all the school taxes paid to the city of Mount Vernon on Block 2001, Lot No. 5; that, if the statute is not so construed, it will be necessary in every case where there is more than one dwelling on a tract of land, part of which is in one school district and the balance in another, to make an arbitrary apportionment of the taxes based upon an arbitrary division of the land. I am unable to accept this view. The statute is specific in stating that it is only where the dwelling is intersected that its provisions are applicable. This being so, the plaintiff is only entitled to recover the school taxes in relation to the three dwellings intersected.

The defendant offered proof upon the trial showing how this land might be divided into separate tax lots and the valuation which might fairly be placed upon each lot and the resulting apportionment of the school taxes. It seems to me that this apportionment is fair and is the best that can be done under the circumstances. If the plaintiff wishes to accept this apportionment, it may recover in accordance with it. If not, I shall hold that no recovery beyond the amount admitted may be had by plaintiff for failure of proof on this cause of action.

The defendant interposed six counterclaims. On the trial, counterclaim No. 6 was withdrawn. Defendant's first counterclaim seeks to recover $185.09, which it is alleged the plaintiff had and received from the defendant erroneously paid for school taxes for the school year 1935–36 upon property known as 28 Locust Lane. Plaintiff made no claim with regard to this property, conceding that the boundary line did not intersect the dwelling house thereon. The defendant alleges in its counterclaim the amount specified was paid because the parties believed at the time that the said dwelling house was intersected by the boundary line when the fact was that the house lay wholly within the limits of the city of Mount Vernon. In this view,

the defendant might be entitled to recover this amount paid through a mistake of fact, but it is pointed out that the plaintiff gave the children who resided in this dwelling free tuition for the period mentioned with the knowledge and approval of the defendant. Under such circumstances, I believe it would be inequitable to permit a recovery by the defendant.

Defendant's second counterclaim refers to 30 Locust Lane. Plaintiff made no claim as to this property, as it is now conceded that the boundary line did not intersect the dwelling on the property. The defendant, however, demands that the sum of $198.47, which it paid the plaintiff in March, 1936, by mistake, believing that the dwelling was intersected by the boundary line, should be returned. But, as the plaintiff in fact gave the children who resided in this house free tuition for the period mentioned, I think there should be no recovery allowed on this counterclaim.

Defendant's third counterclaim refers to 26 Locust Lane, referred to in this memorandum as the Drummond property. It demands repayment of $191.78, paid in March, 1936, by mistake, believing that the dwelling house was intersected by the boundary line, when in fact it was not. I have held that this dwelling was intersected and so this counterclaim should be disallowed.

The fourth counterclaim refers to 30 Locust Lane. Plaintiff's first cause of action, referring to this property, was dismissed on the ground that the dwelling house thereon was not intersected by the boundary line. The defendant, however, alleges in this counterclaim that, in March, 1936, it paid plaintiff $198.47 for school taxes for the school year 1935–36, when both parties believed that the dwelling house thereon was in fact intersected by the boundary line. Plaintiff resists this counterclaim on the same ground above stated that Bronxville in fact gave tuition for the school year 1935–36 to the children who lived in the dwelling on this property. This being so, I disallow the counterclaim for the reason already stated.

The fifth counterclaim interposed by the defendant refers to the property known as Normandy Terrace. As to this property, so far as plaintiff is concerned, I have already indicated my decision. The defendant's counterclaim refers to school taxes collected for the year 1935–36, which it alleges were paid in the sum of $479.45, in March, 1936. The plaintiff asserts that there is no proof of such payment. If such payment was made, the counterclaim should be allowed in a sum exceeding the amount due Bronxville for tuition for children coming from the three

dwellings referred to which were intersected by the boundary line.

A decision may be submitted in accordance with the above memorandum to be settled on notice.